IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH HARTBAUER,

       Plaintiff,                         07cv0620
                                          **ELECTRONICALLY FILED**

      v.

PETERS TOWNSHIP SCHOOL DISTRICT,
DR. THOMAS HAJZUS, RICHARD RELICH,
TIMM MACKLEY,

       Defendants.

## ORDER OF COURT

Before the Court is the motion by Defendants Peters Township School District, Thomas Hajzus, Richard Relich, and Timm Mackley to dismiss plaintiff' Keith Hartbauer's complaint setting forth the following claims under 42 U.S.C. § 1983: Count I, First Amendment violation of plaintiff's right to petition the government and to engage in protected expressive activity; Count II, violation of his right to Equal Protection ("class of one"); and Count III, violation of his right to procedural due process. After careful consideration of the motion and brief in support, and of plaintiff's response and brief in opposition to the motion to dismiss, the Court will deny the motion.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for

failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). As the United States Court of Appeals for the Third Circuit explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of his claims. Accordingly,

**AND NOW,** this 8th day of August, 2007**, IT IS HEREBY ORDERED** that defendants' motion to dismiss (doc. no. 6) **IS DENIED** without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:    All ECF registered counsel